LAW OFFICE OF TIM PETUMENOS
1227 West 9th Avenue, Suite 301, Anchorage, AK 99501
Phone: (907) 276-2676 Email: timp@tpaklaw.com

1  Timothy J. Petumenos
   Law Office of Tim Petumenos, LLC
2  1227 West 9th Avenue, Suite 301
   Anchorage, AK 99501
3  Telephone: (907) 276-2676
   Email: timp@tpaklaw.com

4  Michael W. Flanigan
   Flanigan & Bataille
5  1007bWest 3rd Avenue, Suite 206
   Anchorage, AK 99501
6  Telephone: (907) 279-9999
   Email: mflanigan@farnorthlaw.com

7  Co-Counsel For Christine Wichman,
   Personal Representative of the
8  Estate Of Jason Wichman

### THE UNITED STATES DISTRICT COURT
### DISTRICT OF ALASKA

| | |
|---|---|
| CHRISTINA WICHMAN, as personal representative of the ESTATE OF JASON ALLEN WICHMAN,<br><br>        Plaintiff,<br> v.<br><br>NATIONAL TRANSPORTATION SAFETY BOARD, Kathleen Silbaugh, General Counsel, NTSB, in her official capacity, Lawrence Lewis and Clint Johnson<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>) Case No. 3:18-cv-_____ [   ]<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT FOR DENIAL OF DISCOVERY AND WITHHOLDING OF INFORMATION IN VIOLATION OF LAW**

This action is brought by plaintiff, Christine Wichman, as personal representative of the Estate of Jason Wichman to remedy the denial by the federal agency defendants, National Transportation Safety Board (NTSB), NTSB General Counsel, Kathleen Silbaugh, and NTSB

*COMPLAINT*
*WICHMAN V. NTSB ET AL., 3:18-CV-_____ [   ]*  PAGE **1** OF 9

employees Lawrence Lewis and Clint Johnson of Christine Wichman's right of access to public information and to Christine Wichman's right to conduct discovery in order to prosecute a wrongful death claim in connection with an airplane crash investigated by the NTSB. Defendants' refusal to provide information in the form of depositions in a pending matter in Alaska Superior Court at Anchorage, *Christine Wichman as P.R. of Estate of Wichman v. Stone, et. al.*, Case No. 3AN-16-10176 Civil, violates Wichman's right to every man's evidence under the United States Constitution and the *stare decisis* holding of the Ninth Circuit in *Exxon Shipping v. United States Dept. of the Interior*, 34 F.3d 774 (9th Cir. 1993). Wichman has complied with the Federal Housekeeping Statute, 5 U.S.C. § 301 and the Administrative Procedure Act, 5 U.S.C. §§ 701-06 by seeking approval of the NTSB to take these depositions through the Office of General Counsel which has agency authority under 49 CFR § 800.24 to review and approve requests for depositions administratively. The General Counsel has wrongfully directed that its investigators not appear for deposition. Pursuant to the holding in *Exxon Shipping, supra,* this Court has the duty to review the decision of the NTSB and its general counsel in refusing to permit its investigators, Defendants Lewis and Johnson, to appear at depositions requested by Christine Wichman.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 in that Wichman's claims arise under the Constitution and the laws of the United States. Jurisdiction is also present by reason of 28 U.S.C. §§ 1333, 1361 and 1367, and 5 U.S.C. § 703.

2. Venue is proper in this Court by reason of 28 U.S.C. § 1391(e) in that a substantial part of the events or omissions giving rise to Wichman's claims occurred within the District of Alaska.

**PARTIES**

3. Plaintiff, Christine Wichman, the duly appointed personal representative of the Estate of Jason Wichman, opened in the State of Alaska, which has brought a wrongful death action in Alaska Superior Court at Anchorage, Alaska in connection with a plane crash which took the life of Jason Wichman. That action is currently pending, as *Christina Wichman as personal representative of the Estate of Jason Allen Wichman, plaintiff, vs. Robert Stone and Am-Safe Inc.*, Case No. 3 AN-16-10176 Civil. (Alaska Wrongful Death Case).

4. Defendant NTSB is an independent agency of the United States Government and the individually named defendants, Lawrence Lewis and Clint Johnson, are investigators/employees of the NTSB, who have material information related to the NTSB investigation of the crash that is the subject of the Alaska Wrongful Death Case.

5. NTSB General Counsel, Kathleen Silbaugh, per regulation, is the NTSB official charged with the responsibility of approving requests for depositions of NTSB investigators.

**CLAIM FOR RELIEF**

6. Christine Wichman, as personal representative of the Estate of Jason Wichman, has made a claim for wrongful death against Defendant Robert Stone in the Alaska Wrongful Death Case for negligence and gross negligence in connection with Stone's ownership and piloting of an aircraft that crashed on February 17, 2014. The case is currently in discovery on the issues, *inter alia*, of Mr. Stone's alleged reckless piloting and loading of the aircraft

1  which failed to assure the safety of the flight he took with Jason Wichman as his passenger.
2  Jason Wichman died as a result of injuries he sustained in the crash when the aircraft piloted
3  and prepared for flight by Stone failed to maintain proper airspeed following takeoff.  A copy
4  of the Complaint is attached as Exhibit 1.

5      7. A material issue in the Alaska Wrongful Death Case is whether the aircraft in
6  question was over gross weight and out of the safe center of gravity window for safe flight.
   Also at issue is whether the pilot's actions were negligent or reckless.

7      8. Defendants, Lawrence Lewis and Clint Johnson investigated the issues described
8  in ¶ 6 & 7 above and the NTSB issued a written report of factual findings. Included in the
9  report is documentation of statements made by Stone to Defendants, Lawrence Lewis and
10 Clint Johnson and specifically to Defendant Lewis which were not recorded.  Stone has
11 denied, in his deposition, making the statements to the NTSB investigators, as set forth in the
12 NTSB report, that his take off took longer than expected and that the take off run extended
13 into soft snow. Under the Alaska Rules of Evidence, Wichman cannot prove that the
14 statements made by Stone were in fact made to the NTSB as reported by the NTSB without a
15 deposition confirming that the statements were made as set forth in the NTSB report.  Thus,
16 proof that the statement to the NTSB was in fact made by Stone and accurately recorded by
17 Defendant Lewis is not available from any other source.  A copy of the statement made by
   Stone to the NTSB, as reported by the NTSB is attached as Exhibit 2.  An excerpt of the
18 deposition of Stone relating to this statement is attached as Exhibit 3.

19     9. The crash occurred at Puntilla Lake in Rainy Pass, Alaska in the Alaska Range.
20 The NTSB did a factual investigation on the weight of the aircraft, and the distribution of that
21 weight.  The NTSB did not travel to the crash location but instead the cargo was delivered to

*COMPLAINT*
*WICHMAN V. NTSB ET AL., 3:18-CV-_____[   ]*      PAGE **4** OF 9

the NTSB at Merrill Field in Anchorage, Alaska. Discovery has revealed that the two pilots who removed the cargo from Puntilla Lake and flew the cargo to the NTSB at Merrill Field were close friends of Stone. One of these pilots, Mike Schoder, has testified that he was authorized by the NTSB investigator in charge, Defendant Johnson, to become part of the chain of custody of the cargo and was not at any time advised of any requirement to photograph or inventory the cargo. This pilot testified that he was a professional acquaintance of Defendant Johnson and had served previously as an expert witness for the NTSB. Mike Schoder has also testified that he is a close friend of the pilot, Robert Stone. Nowhere in the NTSB report is there any mention of any authorization by the NTSB of pilot Stone's friend to take responsibility for delivering the cargo from the crash site to the NTSB at Merrill Field. Nowhere in the NTSB is there any mention of whether the NTSB was aware of Mike Schoder's relationship to Robert Stone.

10. 49 C.F.R. § 830.10 is entitled: Preservation of aircraft wreckage, mail, cargo and records. This regulation provides that cargo may not be disturbed by the owner/operator of aircraft except to the extent necessary to remove persons injured or trapped, to protect the wreckage from further damage or to protect the public from injury. The regulation further provides that when it is necessary to move aircraft wreckage or cargo the original position and condition of the wreckage must be documented by notes and photographs. The regulation further provides that the operator of an aircraft involved in an accident shall retain all records, reports and other material dealing with the accident.

11. Discovery in the Alaska Wrongful Death Case revealed that the friends of pilot Stone made no record of the cargo removed from Puntilla Lake and made no inventory.

These pilots/friends of Stone testified that they were never advised by the NTSB of any need to do so.

12. Nothing within the NTSB report addresses how it came to be that close friends of Stone became part of the chain of custody of the cargo or how it came to be that documentation required by 49 C.F.R § 830.10 was not obtained. There is nothing in the NTSB report that discloses whether the removal of the cargo by Stone's friends was authorized or what instructions were given to the pilots on compliance with 49 C.F.R. § 830.10. These matters are material matters to the Alaska Wrongful Death Case since the weight and balance of the aircraft upon takeoff is a critical issue. Evidence as to the manner in which the cargo was acquired for weighing by the NTSB, whether it was authorized and how the NTSB provided for compliance with 49 C.F.R. § 830.10 cannot be obtained from any other source than the NTSB itself.

13. The NTSB weighed the cargo it received in Anchorage but its procedure for weighing and the inventory of the items weighed is not specific. The NTSB concluded that the aircraft was exactly at gross weight such that if there were any items missing from the cargo received, the aircraft was over gross weight. At least one expert in the Alaska Wrongful Death case has questioned whether all cargo originally contained in the aircraft was delivered to the NTSB at Merrill Field for weighing.

14. The NTSB has established procedures for requesting the depositions of NTSB personnel. First, the authority to administratively grant or deny a request for a deposition in a pending action has been delegated to the Office of General Counsel for the NTSB pursuant to 49 CFR § 800.24. Requests for depositions must be in writing. Parties seeking the deposition of NTSB are prohibited from directly issuing subpoenas to NTSB employees but instead must

make application to the NTSB's General Counsel under 49 CFR § 835.6(d). Plaintiff has ready access to a subpoena for Defendants Lewis and Johnson but has refrained from serving them with state process as required by the applicable federal regulations.

15. The NTSB is to grant requests for depositions if the request seeks factual information, not expert opinion and if the information cannot be reasonably obtained from another source.

16. Consistent with the foregoing, Wichman, through counsel, made formal request to the General Counsel of the NTSB on June 26, 2018 for the deposition of NTSB Investigator Lawrence Lewis on the topic of Mr. Stone's statement to Defendant Lewis on the manner in which the aircraft performed on take-off. That letter request is attached as Exhibit 4.

17. No response was received from the General Counsel before ongoing discovery in the Alaska Wrongful Death Case caused Wichman to supplement and pursue the former request in a letter to the General Counsel dated August 1, 2018. In this second letter request, Wichman requested the deposition of Clint Johnson, the investigator in charge, and followed up on the request for a deposition of Investigator Lewis. In this letter, the additional request related to the facts surrounding the removal of the crash cargo, the weighing of the cargo, authorization for the foregoing and documentation of the cargo removed were added as subjects of the depositions. That letter is attached as Exhibit 5.

18. On September 27, 2018 the NTSB Office of General Counsel denied Wichman's request for these depositions in a letter which has been attached as Exhibit 6. As grounds for the denial, Asst. General Counsel Benjamin Allen stated that he had interviewed the witnesses who told him that they had no recollection of the events beyond what was contained in the reports. The denial also erroneously asserted that proving up the statement made to the NTSB

by Stone, which was not recorded, could occur in state court without the deposition of the investigator taking the statement. This is erroneous because Wichman cannot admit under the Alaska Rules of Evidence, for the proof of the matter asserted, the hearsay report of the investigator without the deposition of the investigator himself to testify that the statement by Stone was in fact made. This request was not a request for mere authentication of documents but to prove the substance of an out of court statement made to the NTSB which is directly material to the issues *sub judice* in the Alaska Wrongful Death Case.

19. Moreover, it is not grounds to deny a request under 49 CFR § 835.3(c) that the General Counsel has interviewed the putative deponent and has concluded that the deponent lacks recollection. The Government is not imbued which that unilateral power. It is enough that the request for information is factual in nature, not available from another source and relevant to matters under active litigation. Wichman is entitled to probe the NTSB investigator's recollection and obtain what explanations may exist for the handling of the evidence from the crash site and does not have to accept the conclusions of the NTSB Assistant General Counsel, *Exxon Shipping v. United States Dept. of the Interior*, 34 F.3d 774 (9th Cir. 1993)(the Court should decide whether U.S. government employees may be deposed under the usual analysis applied under civil discovery rules).

20. Pursuant to the analysis required to be applied by the Court in *Exxon Shipping v. United States Dept. of the Interior*, 34 F.3d 774 (9th Cir. 1993), the testimony sought by Wichman is clearly relevant, material and cannot be obtained through other discovery channels. The small amount of time required of the investigators to provide testimony required by Wichman is not sufficiently prejudicial to justify the refusal to allow their testimony in the wrongful death action.

*COMPLAINT*
*WICHMAN V. NTSB ET AL., 3:18-CV-_____[   ]*  PAGE **8** OF 9

LAW OFFICE OF TIM PETUMENOS
1227 West 9th Avenue, Suite 301, Anchorage, AK 99501
Phone: (907) 276-2676  Email: timp@tpaklaw.com

21. Wichman, through counsel, represented to the Office of General Counsel that the estimated time for the deposition of Investigator Lewis should take well less than an hour given the narrow scope of Defendant Lewis's testimony. Lewis' deposition could be taken telephonically or where Defendant Lewis's duty station is now outside of the State of Alaska. Investigator Johnson resides in Anchorage and his deposition would also be expected to be fairly brief.

**REQUEST FOR RELIEF**

22. Plaintiff Wichman requests that this Court issue an order compelling NTSB general counsel, Kathleen Silbaugh to allow NTSB investigators Clint Johnson and Lawrence Lewis to attend their depositions in *Estate of Jason Wichman v. Robert Stone et. al.*, Case No. 3AN-16-10176 Civil and further compelling NTSB investigators Clint Johnson and Lawrence Lewis to cooperate in the scheduling and attending of their scheduled depositions in the wrongful death case.

DATED THIS 25th DAY OF OCTOBER, 2018.

    Law Office of Tim Petumenos, LLC
    1227 West 9th Avenue, Suite 301
    Anchorage, AK 99501
    Telephone: (907) 276-2676
    Email: timp@tpaklaw.com

    /s/ Timothy J. Petumenos, ABA#7611147

    Flanigan & Bataille
    1007 West 3rd Avenue, Suite 206
    Anchorage, AK 99501
    Telephone: (907) 279-9999
    Email: mflanigan@farnorthlaw.com

    /s/ Michael W. Flanigan, ABA#7710114

    Co-Counsel for Christine Wichman, Personal
    Representative of the Estate of Jason Wichman

LAW OFFICE OF TIM PETUMENOS
1227 West 9th Avenue, Suite 301, Anchorage, AK 99501
Phone: (907) 276-2676  Email: timp@tpaklaw.com